**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDY ROLANDO MARTINEZ-GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73205 <br><br> Agency No. A072-512-941 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Fredy Rolando Martinez-Gomez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

§ 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182,

1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's denial of asylum and withholding of

removal because the threats Martinez-Gomez received did not rise to the level of

persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats,

without more, generally do not constitute past persecution), and Martinez-Gomez

failed to show his grandfather's murder supported his own claim for asylum or

withholding of removal, *see Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir.

2009) (requiring a showing that harm to others was "part of 'a pattern of

persecution closely tied to'" petitioner himself). Martinez-Gomez' fear of future

persecution based on gang activity in Guatemala is not on account of a protected

ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally

is not available to victims of civil strife, unless they are singled out on account of a

protected ground.").

Martinez-Gomez fails to raise any substantive challenge to the denial of his

CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996)

(issues not specifically raised and argued in a party's opening brief are waived).

Finally, Martinez-Gomez's contention that the BIA failed to fully consider his case is belied by the record.

**PETITION FOR REVIEW DENIED.**